[No. 4232.]

GEORGE P. DALTON *v.* JOHN C. HAMILTON, JOSEPH BRYANT, SAMUEL D. WOODS, SOLOMON A. SHARP, REUBEN H. LLOYD, ANDREW W. LIVINGSTON AND JOHN C. LIVINGSTON.

COMPLAINT IN EQUITY.—If the complaint, in an action to compel the defendant to make a conveyance of real estate, alleges facts which show that the plaintiff has the legal title already, upon which he may recover in ejectment, the bill contains no equity.

RELIEF IN EQUITY.—If a party, who, in pursuance of a contract by another, made with him, has received a conveyance which vests him with the legal

title to an undivided one-third of a piece of land, afterwards sets up, as against his grantor, an adverse claim of title to the whole tract, and ignores the rights of his grantor, this fact does not enable the grantor to call upon a court of equity to divest the grantee of his title, or to compel him to surrender it to the grantor.

CONSTRUCTION OF A DEED.—A deed by which the grantor bargains, sells, and conveys, carries with it an after-acquired title of the grantor.

APPEAL from the District Court, Nineteenth Judicial District, City and County of San Francisco.

The plaintiff, in his complaint, alleged that on the 30th day of April, 1871, he made an agreement with Anna Morales, to purchase from her her interest in the rancho Agua Caliente, in the county of Sonoma, and was to pay her therefor two hundred and fifty dollars, and that the rancho was her separate property, and her husband was to unite with her in the deed; that on the same day, he saw defendant Hamilton, and told him of the agreement, and agreed with him to sell him an undivided one-third, for which Hamilton was to pay him two hundred and fifty dollars; that on the following day he called on defendant Woods, an attorney, and agreed with him to conduct such suits as might be necessary about recovering the land, and to retain, as assistant counsel, B. S. Brooks. That on the 10th day of May, 1871, defendant Hamilton made and delivered to the plaintiff and defendant Woods, a deed, whereby he bargained, sold, and conveyed to the plaintiff and said Woods, an undivided two-thirds of the rancho; that on the 27th day of May, 1871, Morales and her husband executed a conveyance of the rancho, in which, at the plaintiff's request, defendant Hamilton was the sole grantee; that on the 29th of May, 1871, defendant Hamilton proposed that the title to the whole rancho should be vested in him and the plaintiff, an undivided one-half each, and that they then join in signing an agreement with defendant Woods, and that Hamilton then proposed that the deed he had made on the 10th of May should be delivered up to him, and it was so delivered, and a deed was drawn up from the plaintiff and Woods to Hamilton, but it was not delivered because the agreement with Woods was not

signed; that the deed to Hamilton, of the 10th of May, had not been recorded, and Hamilton having thus obtained possession of it, executed and delivered to defendant Bryant a deed of the whole rancho, without any consideration, and that Bryant had notice of all the facts; that Hamilton then refused to recognize the plaintiff as having any interest in the land, and he and Bryant claimed to be the owners thereof, and had made some agreement in relation thereto with the other defendants; that Woods had conveyed to one Hamil, and Hamil to the plaintiff, the undivided one-third of Woods; that by the acts of the defendants in ignoring the rights of the plaintiff, and setting up title adverse to him, they had forfeited all right to retain the benefits and advantages which they were to reap from their contract, and the plaintiff had a right to rescind, and had rescinded the same, and offered to return to Hamilton the money he paid. There was a prayer that the defendants unite in a conveyance to the plaintiff. There was a trial, and the court rendered judgment for the defendants. The plaintiff appealed from the judgment and from an order denying a new trial.

*Daingerfield & Olney*, for the Appellant.

*Sharp & Lloyd*, for the Respondents.

By the COURT:

The purpose of the complaint is to obtain a decree that the title, which the defendant Hamilton originally obtained by the deed of Anna Morales and her husband, be conveyed to and vested in the plaintiff.

1. As to an undivided two-thirds of the premises claimed under the deed of May 10, 1871, it is apparent that no ground for equitable relief is disclosed in the complaint, because it is there alleged that the defendant Hamilton, on that day, delivered to the plaintiff a deed "whereby he bargained, sold, and conveyed to the plaintiff &ast; &ast; &ast; one undivided two-thirds of the said rancho." The operation of such a deed would be to vest in the plaintiff all the in-

terest which the defendant Hamilton, the grantor therein, subsequently acquired by the deed of Anna Morales, delivered to him on the 27th day of May, 1871, and the plaintiff, in this aspect of the case, does not need the aid of a court of equity, but may recover the premises in an action of ejectment.

2. Nor do we discover any ground stated in the complaint upon which the plaintiff can maintain his claim, that the defendant Hamilton should convey to him the other undivided one-third of the premises. Assuming the fact to be as the plaintiff states it, that the defendant Hamilton has ignored the supposed rights of the plaintiff, and set up an adverse title to the whole of the premises, and conceding, too, that so long as the rights of Hamilton rested in executory agreement merely, those rights might have been lost by his repudiation of the contract under which they are alleged to have been held, it is plain that when, as here, the title of Hamilton to the undivided third is a legal title, vested in him by proper deed, such acts done on his part against the plaintiff would not entitle the latter to divest him of the title, or demand that it be surrendered to the plaintiff.

Judgment and order affirmed.