### NORTHERN PAC. R. Co. *v.* CANNON *et al.*

*(Circuit Court, D. Montana.*    April 13, 1891.)

RAILROAD GRANTS—INVALID PATENT—EQUITABLE RELIEF.
A railroad company which has, if anything, a legal title to lands by reason of a legislative grant, cannot maintain a bill in equity against parties claiming under a subseqent patent to have them decreed trustees of plaintiff and to convey the land to plaintiff, as, if plaintiff's title is good, then defendants have none, and such decree would not supply the place of the patent to which plaintiff is entitled.

In Equity.    On demurrer to bill of complaint.
*F. M. Dudley* and *Cullen, Sanders & Shelton,* for complainant.
*M. Bullard* and *Toole & Wallace,* for defendants.

KNOWLES, J.    Plaintiff in this action sets forth in its bill of complaint a grant to it by virtue of an act of congress dated July 2, 1864, of the alternate sections, odd in number, to a distance of 40 miles on each side of the line of its railroad as definitely located in Montana; that the land described in its bill is a portion of an odd section within the limits of said 40 miles, and agricultural in character; that defendants, subsequent to the date of said grant, to-wit, on the 17th day of August, 1879, procured a patent to said premises named in the bill, upon the false representation that the same was mineral land.    The relief plaintiff asks is as follows:

" Wherefore it prays the equitable intervention of this honorable court that the said defendants be decreed in and about the ownership and possession of the title to said premises to be the trustees of this plaintiff, and that they be decreed within some time to be fixed by the court to convey the same to the said plaintiff, or, in default of said defendants making such conveyance, that the court appoint a commissioner for them and in their name to make, execute, and deliver to the plaintiff a deed conveying the right, title, interest, and estate of said defendants to the said plaintiff; that the inchoate claim of dower of the said Catherine B. Cannon be annulled; and that the plaintiff have such other and further relief as in equity it is entitled to receive, and also judgment for its costs."

To this bill defendants interposed their demurrer, one of the grounds of which is: "Said amended complaint seeks equitable relief without showing any equitable grounds."    This raises the question as to whether the bill does present any equity.    The object of the bill is one now quite familiar to the courts.    It seeks to obtain a decree declaring the defendants their trustees as to the title to the land described in the bill, upon

the ground that they obtained the same wrongfully from the United States, when plaintiff was entitled to the same. There is no equity stated in the bill which can be considered under the general prayer therein.. The bill, as framed, brings to the consideration of the court whether sufficient facts are stated to show that plaintiff is entitled to the special relief it asks. This court held in the case of *Railroad Co.* v. *Cannon* and other parties, not named in this bill, (46 Fed. Rep. 224,) concerning another tract of land, that whatever title the Northern Pacific Railroad Company received to the land in the odd sections within its grant was a legal title, and not an equitable one. The issue is now presented as to whether, the plaintiff having already a legal title, if any, in the premises in controversy, it can have a decree declaring the defendants to hold any title it may have acquired by virtue of a patent to said premises in controversy, in trust for it. Plaintiff's legal title, if it has any, was prior to defendants'. In fact, if it received such a title, defendants have none. Their patent is void. A patent for premises previously granted is of no validity, and conveys no rights. *Reichart* v. *Felps*, 6 Wall. 160; *Stoddard* v. *Chambers*, 2 How. 284; *Bissell* v. *Penrose*, 8 How. 317. And it may be said generally that when a proprietor of land conveys the same to one party, a deed to another party of the same land, who has knowledge of the previous conveyance, is void. The defendants were bound to take notice of the grant to the plaintiff. In the case of *Dalton* v. *Hamilton*, 50 Cal. 422, the supreme court of California held, if the complaint in an action to compel the defendant to make a conveyance of real estate alleges facts which show that the plaintiff has the legal title already, upon which he may recover in ejectment, the complaint contains no equity. This seems to be the case at bar. Plaintiff has a legal title, if any, as it appears from the allegations in the bill, which is prior to that of defendants, and would avail it in an action of ejectment. If the court should decree defendants to convey to plaintiff their title to the premises in controversy, would it supply the place of the patent which plaintiff is entitled to from the United States? The functions of a patent to land conveyed by legislative act is thus stated in the case of *Railroad Co.* v. *Price Co.*, 133 U. S. 510, 10 Sup. Ct. Rep. 341:

"The subsequent issue of the patent by the United States was not essential 'to the right of the company to those parcels, although in many respects they would have been of great service to it. They would have served to identify the land as coterminous with the road completed. They would have been evidence that the grantee had complied with the conditions of the grant, and to 'that extent that the grant was relieved of possibility of forfeiture for breach of them. They would have obviated the necessity of any other evidence of the grantee's right to the lands, and they would have been evidence that the lands were subject to the disposal of the railroad company with the consent of the government. They would have been in these respects deeds of further assurance of the patentee's title, and therefore a source of quiet and peace to it in its possessions."

This was the same language used in *Denny* v. *Dodson*, 13 Sawy. 68, 32 Fed. Rep. 899, where the very grant under consideration was interpreted, and in which case it was held that plaintiff had a legal title to

the lands embraced within its grant. Now, the land-officers of the United States did not consider in issuing a patent to defendants that the plaintiff had complied with the conditions of its grant. They did not consider the title of the Northern Pacific Railroad Company, and the patent issued to them would be no evidence of a confirmation of that grant; and, if the patent to defendants did not determine these questions, a conveyance from defendants to them would not. Whether or not the plaintiff complied with the conditions of its grant cannot be determined in this action. Where a grant is a public grant of the nature of the one to plaintiff, it can be forfeited only by the government making the grant by judicial or legislative proceedings. *Denny* v. *Dodson, supra; Schulenberg* v. *Harriman,* 21 Wall. 62; *Railway Co.* v. *McGee,* 115 U. S. 473, 6 Sup. Ct. Rep. 123. It is evident, therefore, if the court should decree that defendants should convey to plaintiff their title, if any, to said premises, this conveyance would not place plaintiff in any better condition than now, if it has the legal title to the premises. It would not give the plaintiff a conveyance which would have the effect a patent to said lands would. For these reasons I do not think the bill shows sufficient equity to entitle plaintiff to the special relief asked, and upon the one ground above set forth specified in the demurrer the same is sustained.