MULLEN v. GLASS *et al.* (WAKEMAN, *Intervener.*)

No. 3369.    Opinion Filed October 13, 1914.

(143 Pac. 679.)

1.  INSANE PERSONS—Termination of Guardianship. The guardianship of a minor incompetent does not terminate by operation of law upon such minor attaining majority. Section 3339, Rev. Laws 1910.

2.  STATES—Effect of Statehood—Appointment of Guardian—Validity. Under the provisions of section 365, Williams' Ann. Const. Okla., section 1 Schedule, all existing rights, proceedings, contracts, etc., continued as if no change in the form of government had taken place.

3.  EJECTMENT—Right to Recover—Title. In ejectment the plaintiff must recover upon the strength of his own title, rather than upon the weakness of the title of his adversary.

(Syllabus by the Court.)

Mullen v. Glass et al. (Wakeman, Intervener.)

*Error from District Court, Grady County;*
*Frank M. Bailey, Judge.*

Ejectment by J. S. Mullen against Bryce Glass and others, and E. I. Wakeman, guardian, etc., intervenes. Judgment for defendants, and plaintiff brings error. Affirmed.

*H. A. Ledbetter,* for plaintiff in error.

*C. G. Moore,* for defendants in error and intervener.

LOOFBOURROW, J.   Solomon Harris, a full-blood Choctaw Indian, resided in Atoka county, and was allotted land in Grady county, and, as shown by the enrollment record, was twelve years of age on August 29, 1899.   On the 12th day of November, 1904, the United States Court for the Central District of the Indian Territory appointed D. N. Robb guardian of said Solomon Harris.   On the 9th day of April, 1909, D. N. Robb, as such guardian, filed with the county court of Atoka county a report of his guardianship and requested to be discharged as such guardian by reason of the minor having attained the age of 21 years; at the same time appeared Solomon Harris in person, together with his adult brothers and their attorney, and the court then found that Solomon Harris was an imbecile and incompetent to transact his own affairs, and that it would not be for the best interests of said Solomon Harris to discharge said guardian.   The court thereupon ordered that D. N. Robb continue to act as guardian of the estate of said Solomon Harris.   A copy of this order was duly recorded with the register of deeds of Grady county on the 19th day of April, 1909.   On August 3, 1909, D. N. Robb, as such guardian, executed a lease of his ward's allotment to J. W. Glass and others, the said allotment being located in Grady county, Okla., and the lease running from January 1, 1910, for a period of five years, and Glass and others entered into the actual possession of said land under said lease.   Some time between August 3, 1909, and November 28, 1910, D. N. Robb, guardian, died, and on the 28th day of November, 1910, E. I. Wakeman was appointed and qualified as guardian of the person and estate of said Solomon Harris, an incompetent.   On

October 29, 1909, J. S. Mullen, plaintiff in error, secured the signature by mark of said Solomon Harris, incompetent, to an instrument purporting to be a lease of said incompetent's allotment, for a period of five years from January 1, 1910, and in September, 1910, plaintiff, Mullen, commenced an action in ejectment against Glass and others, defendants, for the possession of the said Solomon Harris allotment. From a judgment in favor of the defendants in error, plaintiff in· error appeals.

The first assignment of error is that Solomon Harris became of age August 29, 1908, and that by reason thereof the guardianship of D. N. Robb terminated by operation of law, and that the allottee had the right to manage and control his own affairs, and that therefore the execution of the lease to the plaintiff in error was valid. The county court, as shown by the record, found that Solomon Harris was an imbecile, incapable and incompetent of managing his own affairs. Section 3339, Rev. Laws 1910, provides:

"The power of the guardian appointed by court is suspended only: First, by order of the court. Second, if the appointment was made solely because of the ward's minority, by his attaining majority."

Minority was not the only reason for the continuation of this guardianship, as the court refused to discharge the guardian because of the incompetency of the ward. Therefore the guardianship did not terminate by operation of law, as contended by the plaintiff. It is also contended that, because the allotment of Solomon Harris was not in the Central district of the Indian Territory, the United States court for that district had no jurisdiction to appoint a guardian over Solomon Harris. In support of this contention counsel cite *MaHarry v. Eatman,* 29 Okla. 46, 116 Pac. 935, in which it was held:

"The United States Court for the Southern District of the Indian Territory had authority to appoint a guardian or curator of the estate of a minor located in that district, although the domicile of the minor was in the Central district (section 3461, c. 73, Mansf. Dig. Ark.); and a guardian so appointed, when qualified, had authority to execute a valid lease of the minor's land."

In discussing this question of the statute of Arkansas, *supra*, the same being extended by act of Congress over the Indian Territory, Judge Galbreath states in the opinion:

"We believe that this statute ought to be construed as vesting the discretion in the court to make the appointment either at the domicile of the ward or where the land was located as might seem best to serve the interest of the minor and his estate."

In support of this construction, *McKeen v. De Lancey's Lessee,* 5 Cranch, 22, 3 L. Ed. 25, and *C., R. I. & P. Ry. Co. v. Dodson & Williams,* 25 Okla. 829, 107 Pac. 921, are cited.

The second assignment of error involves practically the same proposition as the first. Counsel for plaintiff in error cite numerous authorities to the effect that one, upon attaining majority, may disaffirm a contract made during his minority. We do not believe it can be seriously contended that an imbecile, for whom a guardian has been regularly appointed, can disaffirm a contract except through his guardian.

The third assignment of error is covered by the first and second.

In the fourth assignment it is contended that, when the guardian Robb made his report and asked to be discharged, and the court declined to discharge Robb, but approved his accounts and ordered that he continue to act as guardian of the estate, such action of the court was a nullity, for the reason that, under section 5845, Comp. Laws 1909 (Rev. Laws 1910, sec. 6538), it is required that a verified petition be filed and notice be given to the supposed incompetent of the time and place of hearing, not less than five days before the time so appointed, and such person must be produced before the court on the hearing. The record discloses that Solomon Harris was present in person, together with two adult brothers and their attorney.

It is also contended that, since Robb was appointed by the United States Court for the Central District of the Indian Territory, and since the bond required by law ran to the United States of America, when the county court of Atoka county attempted to extend his guardianship over Solomon Harris as to

his estate alone, this was unauthorized by the provisions of the statutes, and, there being no bond made to Solomon Harris, the alleged incompetent, the execution of the lease by Robb as curator of his estate was absolutely void. Under the provisions of section 365, Williams' Ann. Const. Okla., section 1 of the Schedule, all existing rights, proceedings, contracts, etc., continued as if no change in the form of government had taken place. It therefore follows that, since the United States court was authorized to appoint a guardian for the estate of a minor incompetent, the change in the form of government and the adoption of the statutes of Oklahoma could not operate to render such an appointment void because the statutes of Oklahoma contemplate the appointment of a guardian of the person and estate. E. I. Wakeman, on November 28, 1910, was duly appointed guardian of the person and estate of said incompetent, and is a party defendant in this action resisting the plaintiff's claims. If there had been a breach in the conditions of the bond, although given to the United States, we apprehend there would have been no difficulty in maintaining an action thereon in favor of the ward against the guardian, nor is that a matter in which plaintiff is concerned.

Plaintiff in error also contends that, if it should be said that the county court was acting within its jurisdiction in extending this guardianship, then that the lease executed was not approved by the county court, as required by act of Congress relative to the leasing of lands belonging to minor and incompetent Indian allottees.

The plaintiff, if he recovers in this case, must do so upon the strength of his own title, rather than upon the weakness of the title of his adversary, and the record discloses that the lease of the plaintiff bears no evidence of approval of the county court, and, if such is essential in this case, then plaintiff's premise' invalidates his own lease.

The judgment of the trial court is affirmed.

All the Justices concur.