### COPELAND v. JOHNSON et al.

No. 14163—Opinion Filed April 1, 1924.

(Syllabus.)

**1. Indians—Wills of Full-Bloods—Approval by Courts.**

By the provisions of section 23 of the act of Congress approved April 26, 1906 (34 Stat. at L. 137), as amended by section 8 of the act of Congress approved May 27, 1908 (35 Stat. at L. 312), the will of a full-blood Indian which disinherits the parent, wife, spouse or children of such full-blood Indian is invalid, unless such will is acknowledged before and approved by a judge of the United States court, a United States commissioner, or a judge of the county court of the state.

**2. Same—"Disinheritance."**

Disinheritance is the act by which a person deprives his heir of an inheritance, who without such act would inherit—the act by which the owner of an estate deprives a person of the right to inherit the same, who would otherwise be his heir.

**3. Same—Validity of Will.**

Where the will of a full-blood Chickasaw Indian devised to his wife the lands allotted to him as his homestead, and to his daughter his allotted lands exclusive of homestead, they being his sole heirs at law

and the persons to whom said lands would have passed in equal shares by descent, and where said will was not acknowledged and approved in accordance with the provisions of the act of Congress approved April 26, 1906, supra, as amended by the act of Congress approved May 27, 1908, supra, held, that the validity of the will must be determined by the value of the lands devised to each at the date of the death of the testator; that if the lands were of substantially the same value at that time, the will is not invalid as disinheriting the wife and daughter, or either of them.

**4. Same — Deed by Full-Blood Devisee Without Approval of Court.**

It is not essential to the validity of a deed of a full-blood Indian conveying lands devised to her by will that such deed be approved by the court having jurisdiction of the settlement of the estate of the deceased allottee, as a devisee takes under the will as an instrument of conveyance, and not by descent as an heir.

**5. Same—County Court Jurisdiction.**

By the provisions of section 1088, Comp. Stat. 1921, wills must be proved and letters testamentary or of administration granted in the county of which the decedent was a resident at the time of his death in whatever place he may have died, but the jurisdictional facts must be determined by the county court wherein administration proceedings are instituted, and where that court determined that it had jurisdiction and proceeded with the administration of the estate, and the approval of a conveyance by a full-blood Indian heir of the decedent followed such regular proceeding for the settlement of the estate, such court had jurisdiction to approve said conveyance, and its action in that regard cannot be attacked collaterally.

Error from District Court, Johnston County; J. H. Linebaugh, Judge.

Action by B. F. Copeland against F. M. Johnson and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with directions.

Cornelius Hardy and Embry, Johnson & Tolbert, for plaintiff in error.

Ratliff & Ratliff, for defendants in error.

NICHOLSON, J. This action was brought by B. F. Copeland, as plaintiff, against F. M. Johnson, Geo. E. Rider, and R. L. Davis, as defendants, to quiet the title to 199 acres of land situated in Johnston county.

The plaintiff alleged in his petition that he was the owner of the title in fee simple to and in possession of the land, and alleged facts showing that the land involved, together with other lands, was conveyed to Noel Tyubby, a member of the Chickasaw Tribe of Indians, by patent from the Choctaw and Chickasaw Nations, as his homestead; that on the 13th day of October, 1908, said Noel Tyubby died in Johnston county, leaving a will by which he devised to his wife, Leah Tyubby, his homestead, and to his daughter, Nicey Tyubby, his allotted lands exclusive of homestead; that said will was on March 12, 1909, duly admitted to probate by the county court of Johnston county, the court having jurisdiction of the settlement of the estate of the deceased allottee; that on the 29th day of July, 1912, Leah Tyubby, duly enrolled as a full-blood Chickasaw Indian, the surviving widow of said Noel Tyubby, deceased, conveyed to R. E. Anderson, by warranty deed the land involved, which deed was duly approved by the county court of Johnston county; that Anderson and wife conveyed the land to Fred E. Trotter by warranty deed; that Fred E. Trotter conveyed to John W. Tabler by warranty deed, and that on the 16th day of August, 1917, John W. Tabler conveyed the land involved to the plaintiff by warranty deed, copies of all of said conveyances being attached to said petition as exhibits.

It was further alleged that on the 9th day of July, 1920, Leah Emi-yah-tubee, formerly Leah Tyubby, the surviving widow of Noel Tyubby, joined by her husband, Arch Emi-yah-tubie, executed and delivered to the defendant F. M. Johnson a deed conveying to him the land involved, together with other lands, which deed was approved by the county court of Marshall county; that afterwards said defendant Johnson executed and delivered to the defendant Geo. E. Rider a quitclaim deed conveying said land to him.

That the defendant F. M. Johnson, purporting to act as the guardian of Nicey Mose, nee Tyubby, by proceedings had in the county court of Marshall county, sold said lands, together with other lands, to the defendant R. L. Davis; that said sale was confirmed by the county court of Marshall county, and said guardian was directed to execute to said Davis a deed to said premises; that said order of confirmation was duly recorded in the office of the county clerk of Johnston county, but the guardian's deed had not been filed for record; and prayed that said conveyances to the defendants in so far as they affected the title to the land involved be canceled as clouds upon the title of said plaintiff to said land

and that the title thereto be quieted in him.

The defendants filed answer, in which, after denying each and every allegation in plaintiff's petition contained, except such thereof as were expressly admitted, they admitted that the land involved was the homestead allotment of Noel Tyubby, and was conveyed to him by patent as shown by plaintiff's petition; that Noel Tyubby died on the 13th day of October, 1908; that he executed a purported will, a copy of which is attached to plaintiff's petition, and that said will was filed for probate in the county court of Johnston county and that there was a purported probation thereof; they admitted that the heirs of said Noel Tyubby were Leah Tyubby, his wife, and Nicey Tyubby, his daughter, and further admitted that all deeds set out and mentioned in plaintiff's petition were executed as alleged.

It was averred in said answer that Noel Tyubby was a full-blood Chickasaw Indian; that he was a resident of Marshall county at time of his death and that the county court of that county had jurisdiction of the settlement of his estate; that the purported will set up in plaintiff's petition was not acknowledged before, or approved by the county judge of any county in the state, or any person having authority to acknowledge or approve the will of a full-blood Indian; that said purported will attempted to disinherit his daughter, Nicey Tyubby, of all of her interest in and to the homestead allotment of the deceased, and attempted to disinherit the wife of her interest in and to the surplus allotment of the deceased; that said will was not sufficient under the law to pass title to the land involved, and was not executed in such manner as not to disinherit the wife or child of the deceased. And by cross-petition, prayed that the title to said land be quieted in the defendants.

Both parties filed motions for judgment on the pleadings. The motion of the plaintiff was denied and that of the defendants sustained, and judgment rendered for the defendants, from which the plaintiff has appealed.

The questions presented by the pleadings are: Did the will of Noel Tyubby, deceased, disinherit his wife or child, or either of them, and if so, did the deed from the surviving widow convey to R. E. Anderson an undivided one-half of the homestead allotted to the deceased?

By section 23 of the act of Congress approved April 26, 1906 (34 Stat. at L. 137), as amended by the act of Congress approved May 27, 1908 (35 Stat. at L. 312), it is

provided that every person of lawful age and sound mind may, by last will and testament, devise and bequeath all of his estate, real and personal, and all interest therein, provided, that no will of a full-blood Indian devising real estate shall be valid if said last will and testament disinherits the parent, wife, spouse, or children of such full-blood Indian, unless acknowledged before and approved by a judge of the United States court, a United States commissioner, or a judge of the county court of the state.

It will be observed that no obstacle is placed in the way of a full-blood Indian disposing of his allotted lands by will. To the contrary, he is by the aforesaid act of Congress expressly authorized to devise or bequeath all of his estate, real and personal, and all interest therein. He may disinherit his parent, wife, or child, but in order to do this, the will must be acknowledged before and approved by one of the officers named in the act. If not so acknowledged and approved, a will which disinherits the parent, wife, spouse, or children of such full-blood Indian is invalid.

The pleadings show that Noel Tyubby was a full-blood Chickasaw Indian; that the land involved was a portion of the land allotted to him as a homestead; that by his will he devised his homestead to his wife and his allotted lands exclusive of homestead to his daughter, who were his sole heirs at law; that said will was not approved by either of the officers mentioned in the aforesaid act of Congress. So, if said will disinherited either the wife or daughter, it is invalid.

It is apparent that the trial court was of the opinion that, inasmuch as the will deprived the wife of an undivided one-half of the surplus allotment and the daughter of the undivided one-half of the homestead (that being the interest they would have taken by descent had Noel Tyubby died intestate)—that this amounted to a disinheritance of both of them. Is this correct?

"Disinheritance" is defined as "the act by which a person deprives his heir of an inheritance. who without such act would inherit it". Bouvier's Law Dictionary. "The act by which the owner of an estate deprives a person of the right to inherit the same who would otherwise be his heir". Black's Law Dictionary. In the case of In re Byford's Will, 65 Okla. 159, 165 Pac. 194, it was held that the devise by a full-blood Indian testator of his real estate, which deprives the parent, wife, spouse, or child of such testator of the estate therein to which they or any of them would succeed upon his

death intestate, disinherits such parent, wife, spouse, or children so deprived within the provisions of the act of Congress, supra. But the facts in that case were very different from the facts in the case at bar. There the testatrix had three living children and three grandchildren, and by her will she directed the executor to sell all of the real estate of which she died seized, and directed the payment of certain legacies to the children, and certain of the grandchildren, and to one of the grandchildren she devised and bequeathed all the residue of her estate. By the terms of the will, the grandchildren received a larger portion of the value of the estate and the children received less thereof than they would have received had the deceased died intestate. Therefore, the children were deprived of a portion of their inheritance and as the will was not acknowledged and approved as by the act required, it was held to be invalid.

In the case at bar, the testator left surviving him as his sole heirs his widow and one daughter. They are of the class named in the statute whom the testator was prevented from disinheriting by will unless such will was acknowledged and approved. The testator did not attempt to disinherit either of them, but devised to them all of his real estate, and the only objection to the will is that he attempted to partition the lands between them. There is nothing in the pleadings indicating that either the widow or daughter received less by the will than they would have received had Noel Tyubby died intestate. So far as the pleadings disclose, there is no difference in the value of the homestead and the surplus.

It will be borne in mind that in allotting the lands of the Chickasaw and Choctaw Nations, each citizen was awarded lands equal in value to 320 acres of the average allottable lands of such Nation, one-half of which was designated as a homestead, and the other half as lands exclusive of homestead, and commonly designated as surplus. The allotment of the lands of the Nations was nothing more nor less than a division or partition thereof, between the members of the tribes, and in order that such partition might be just and equitable, the lands were graded and appraised, and each member allotted a fair and equal share thereof considering the character and fertility of the soil and the location and value of the lands. This share was by section 11 of the Supplemental Choctaw-Chickasaw Agreement (32 Stat. at L. 641) declared to be lands equal in value to 320 acres of the average allottable lands of such nation. From this it will be seen that at the very

inception of the individual ownership of the lands of the Nation, the extent of that ownership was measured by the value of the land. So, in the distribution of intestates and the partition thereof among the heirs, the share to which each is entitled is determined by the value of the share each is awarded. In fact, in the business world generally value is ordinarily the standard by which the rights of parties are measured and determined. Hence, in this case the rights of the widow and daughter should be measured by the value of the property devised to them It cannot in reason and justice be said that if the lands devised to the widow and daughter were of substantially the same value, there was a disinheritance of either of them within the meaning of the term "disinheritance," or within the contemplation of the act of Congress.

We conclude that the question of whether or not either the widow or daughter was disinherited by the terms of the will must be determined by ascertaining the value of the lands devised to each as of the 13th day of October, 1908, the date of the death of the testator, and if it be found that such lands were of substantially the same value at that time, the will should be upheld as valid. On the other hand, if it be found that there was a substantial difference in the value of said lands, then the will should be held invalid. This conclusion finds support in the case of Battiest v. Wolf, No. 11,-202, 97 Okla. 212, 223 Pac. 661. If it shall be found, as a fact, that said will did not disinherit either the widow or daughter, it was unnecessary that the deed from Leah Tyubby to R. E. Anderson be approved, for it is only the conveyances of inherited lands by heirs who are full-blood Indians that are, by section 9 of the act of Congress approved May 27, 1908, required to be approved by the court having jurisdiction of the settlement of the estate of the deceased allottee. If the will be declared valid, she did not take the land in controversy as an heir, but took it by devise, and a devisee takes under the will as an instrument of conveyance, and not by descent as an heir. LaMotte v. United States, 254 U. S. 570, 65 L. Ed. 410; Stamm v. Bostwick, 40 Hun. (N. Y.) 35; Clark v. Strong, 93 N. Y. Supp. 515; 40 Cyc. 1995; 23 Am. & Eng. Enc. of Law (2nd Ed.) sec. 464.

In view of the conclusions reached, it is well that we consider the second question presented, which is, if the will be found to be invalid, did the deed from Leah Tyubby, the surviving widow, to R. E. Anderson operate as a conveyance of her one-half inter-

est in the lands involved. This depends upon whether or not such deed was approved by the court having jurisdiction of the settlement of the estate of the deceased allottee.

It is alleged in the plaintiff's petition that Noel Tyubby died in Johnston county; that a petition for the probate of the will was filed in the county court of that county, the court having jurisdiction of the settlement of the estate of the deceased, and after due and legal notice had been given as required by law, said court made and entered an order admitting said will to probate. A copy of said will, together with a copy of the certificate of the proof thereof, as well as a copy of the order of the court admitting said will to probate, was attached to said petition as exhibits.

The defendants by their answer admit the execution of the will and that the same was filed for and admitted to probate in the county court of Johnston county, but they allege that Noel Tyubby was at the time of his death a resident of Marshall county, and that the county court of that county had jurisdiction of the settlement of his estate. It is not alleged, however, that the county court of Marshall county ever assumed jurisdiction by issuing letters testamentary or of administration, or that administration proceedings were pending or had ever been issued in that court, so we are not confronted with the question of a conflict of jurisdiction.

By the provisions of section 1088, Comp. Stat. 1921, wills must be proved and letters testamentary or of administration granted in the county of which the decedent was a resident at the time of his death in whatever place he may have died. This statutory provision fixes the venue of causes of this character, but the jurisdictional facts must be determined by the county court wherein such proceedings are instituted. The proceeding for the settlement of the estate of Noel Tyubby, deceased, was regularly instituted in the county court of Johnston county. The facts necessary to give that court jurisdiction under the statute, were alleged, the court found that it had jurisdiction and proceeded with the administration, and the approval of the deed from Leah Tyubby to Anderson followed this regular proceeding. The county court of Johnston county. The facts necessary to give that stitution and the statutes of the state to determine its jurisdiction of the proceeding, and its action in that regard cannot be attacked collaterally as is attempted in this case. Okla. Oil Co. v. Bartlett, 236 Fed.

488; Wolf v. Gills, 96 Okla. 6, 219 Pac. 350. Hence, under the facts existing in this case, the county court of Johnston county was the court having jurisdiction of the settlement of the estate of the deceased allottee, and therefore had jurisdiction to approve the deed. The deed having been duly approved within the contemplation of the act of Congress, it passed such interest as Leah Tyubby possessed. 18 C. J. 291. Therefore, if the will, when tested by the rules herein announced, be found to be invalid, the grantee, Anderson, took the title to the undivided one-half of the land involved, that being the interest the grantor, Leah Tyubby, took by descent under the provisions of section 11301, Comp. Stat. 1921.

Therefore, the judgment of the trial court is reversed, and the cause remanded, with directions to proceed in conformity with the views herein expressed.

JOHNSON, C. J., and COCHRAN, HARRISON, MASON, and WARREN, JJ., concur.