## SILMON et al. v. RAHHAL.

No. 25260.    Sept. 29, 1936.

Rehearing Denied Nov. 24, 1936.

Arnote & Arnote, for plaintiffs in error.

Wilkinson & Hudson, for defendant in error.

GIBSON, J. This case involves the legality of an order of the county court approving a full-blood Indian conveyance of inherited lands, which deed was one subject to county court approval under section 9 of the Act of Congress of May 27, 1908, as amended by the Act of April 12, 1926, sec. 1,

44 Stat. at Large 239. The section as amended is in part as follows:

"* * * Provided, that hereafter no conveyance by any full-blood Indian of the Five Civilized Tribes of any interest in lands restricted by section 1 of this act acquired by inheritance or devise from an allottee of such lands shall be valid unless approved by the county court having jurisdiction of the settlement of the estate of the deceased allottee or testator: * * * And provided, further, that all orders of the county court approving such conveyances of such land shall be in open court and shall be conclusive as to the jurisdiction of such court to approve such deed. * * *"

The case was submitted to the district court on an agreed statement of facts wherein it is shown that a full-blood Choctaw resident of Pittsburg county died in 1929 possessed of his allotment, and leaving as his sole heir his father, also a full-blood Choctaw. The father sold a portion of the allotment and the deed was approved by the county court of Pittsburg county. He later sold the remaining portion and the deed was approved by the county court of Pottawatomie county.

The latter deed is now attacked as void for lack of jurisdiction of the county court of Pottawatomie county to approve the same. The grantee therein, or his assigns, relies upon the proviso in the foregoing section of the act which is as follows:

"And provided further; That all orders of the county court approving such conveyances of such land shall be in open court and shall be conclusive as to the jurisdiction of such court to approve such deed."

It is the grantee's contention that under this proviso when a deed is approved by a county court, although that court is not the one having jurisdiction of the settlement of the deceased allottee's estate, the order approving can under no circumstances be attacked for want of jurisdiction.

If we are to sustain the grantee's contention, it becomes apparent that the first proviso will be rendered meaningless. Such construction should be avoided if possible and that interpretation be accorded the act which will allow the whole to stand, unless the provisions be found in hopeless conflict. Finerty v. First National Bank, 92 Okla. 102, 218 P. 859. In the face of seeming conflict the courts will, where possible, harmonize the provisions of an act by placing upon the words therein employed that meaning tending more to harmony and to the expression of the real intent of the lawmaking body. Sackett v. Rose, 55 Okla. 398, 154 P. 1177.

In the instant case the entire Act of Congress of April 12, 1926, must be examined as a whole in order to determine the intent of Congress and, if it becomes necessary to that purpose, words used therein may be modified or altered with reference to their generally accepted meaning, or others may be supplied in arriving at that intent. Oklahoma Coal Co. v. Atkinson, 121 Okla. 59, 247 P. 366. In construing the act, we should also look to the history of the times when the same was enacted, especially as applied to the subject of legislation. Usually that history tends strongly to disclose the reason for the legislation and the conditions sought to be remedied thereby, and therefore the intention of the legislative body. C., R. I. & P. Ry. v. Gist, 79 Okla. 8, 190 P. 878.

By the wording of section 9 of the Act of 1908, it is apparent that Congress attempted to place the power of approval in the county court as a court of probate; only probate courts had jurisdiction of the settlement of estates. However, the result is well known. The state and federal courts have interpreted that section as conferring upon the county court powers purely ministerial. Its act of approval was not judicial and remained at all times subject to collateral impeachment. Groom v. Dyer, 72 Okla. 99, 179 P. 12; Haddock v. Shelton, 142 Okla. 202, 286 P. 329; Barnett v. Kunkle, 259 Fed. 394, 170 C. C. A. 370. Thus its determination of the jurisdictional fact of residence of the deceased allottee was left without force or effect of a judicial determination. As a result, titles to full-blood Indian inherited lands were thrown into an unsettled, and more or less chaotic, condition. It was this condition that Congress attempted to remedy by the amendment of April 12, 1926.

By this latter act, Congress clearly manifested its intention that such deeds thereafter executed should still be invalid unless approved by the county court having jurisdiction of the settlement of the estate of the deceased allottee. That court is the one of the county in which the allottee resided at the time of his death. Section 1069, O. S. 1931. But, by the second proviso, Congress has attempted to stabilize the orders of approval thereafter made and to designate the force and effect to be accorded them. Instead of permitting such order to remain merely the act of a ministerial officer, Congress has clearly manifested an intent that henceforth the act of approval

shall be on a par with that of a court of general jurisdiction, and therefore not subject to impeachment except for extrinsic fraud or want of jurisdiction appearing upon the judgment roll. In such case jurisdiction is conclusively presumed, and such is the rule applied to judgments of the county court in matters pertaining to the settlement of estates; its determination of the jurisdictional fact of residence of the deceased is sustained by the conclusive presumption of correctness and is free from collateral attack. Wolf v. Gills, 96 Okla. 6, 219 P. 350; Copeland v. Johnson, 101 Okla. 228, 224 P. 986. However, presumptions are not indulged except in cases where the record is silent, for, if the record speaks, it is conclusively presumed to speak the truth as to the presence or want of jurisdiction. 15 R. C. L. 895-896, sec. 374; 15 C. J. 832, sec 149. Therefore, Congress has expressed the general rule applicable to the conclusiveness of probate decrees as to jurisdiction. 15 R. C. L. 893; Wolf v. Gills, supra; Copeland v. Johnson, supra. If the order recites sufficient jurisdictional facts, or if it is silent on that matter, it is conclusively presumed that jurisdiction existed; if it affirmatively shows want of jurisdiction, it is conclusive also as to that fact. We cannot agree that Congress intended that orders approving deeds should be placed upon a higher level than judgments of courts of general jurisdiction by making them immune to collateral attack even in instances where want of jurisdiction is apparent upon the face of the record.

When the Act of 1926 was passed, Congress knew of the force and effect of decrees of probate courts in Oklahoma. In considering section 9 of the act, we conclude that Congress intended that full-blood conveyances should be invalid unless approved by the county court of the allottee's residence and that such order should be conclusive as to the jurisdiction of the court unless the want thereof affirmatively appeared upon the record, as is the rule applied to the court's decrees in probate. The record in such case consists of all documents filed in the proceeding and leading up to the final order of approval. If upon that record it affirmatively appear that the court was without jurisdiction, the order is of no force or effect. If such does not appear, jurisdiction is conclusively presumed in law. While procedure to obtain such approvals has been prescribed (secs. 3976-3980, O. S. 1931), the county court is not bound thereby. Molone v. Wamsley, 80 Okla. 181, 195 P. 484; In re Fulsom's Estate, 141 Okla. 300, 285

P. 13. (It may be here noted that the approvals in question took place prior to the Act of Congress approved January 27, 1933, providing for certain procedure in such cases, and therefore said approvals are not governed thereby.) We say, however, that such proceedings as may occur in any such case will constitute the record or judgment roll.

We do not intend to say that Congress is empowered to confer judicial powers upon the state courts, but we do say that, in the absence of prohibitive state legislation, it was empowered to designate the county court as an approving agency and to predetermine the legal effect of the court's orders of approval.

The record on this appeal contains no part of the proceedings for approval in the county court of Pottawatomie county except the order of approval. Ordinarily, we should confine our review to that order in determining the question of the court's jurisdiction to approve the deed. However, by the agreed statement of facts filed in the trial court, the plaintiff, the one seeking to establish the validity of the order, has admitted that the deceased allottee was a resident of Pittsburg county at the time of his death, thus admitting the county court of Pottawatomie county was without jurisdiction to approve the conveyance. Such agreed statement binds the parties as a judicial admission (Loman v. Paullin, 51 Okla. 294, 152 P. 73); and is conclusive of all the facts agreed to. Consolidated Steel & Wire Co. v. Burnham, 8 Okla. 514, 58 P. 654. The general rule, as stated in 34 C. J. 531, may be well applied to this factual situation. The rule is there stated as follows:

"Where the parties admit facts which show that a judgment in a former suit is void, or where they are established without objection, the case is similar to one wherein the judgment is void upon its face and is subject to attack." Akley v. Bassett (Cal.) 299 P. 576.

It was the trial court's duty to apply the law to the facts as settled by the agreed statement. In each case, if the trial court erroneously apply the law, this court will apply the law to the facts so admitted and render the judgment that should have been rendered at the trial. Consolidated Steel & Wire Co. v. Burnham, supra.

The judgment of the trial court sustaining the validity of the deed approved by the county court of Pottawatomie county is reversed and judgment rendered for the plain-

tiffs in error. The judgment sustaining the validity of the deed approved by the county court of Pittsburg county is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS, RILEY, and CORN, JJ., concur. BUSBY and WELCH, JJ., dissent. BAYLESS, J., absent.