This proceeding originated in the county court of Sequoyah county, wherein plaintiff in error sought approval of a conveyance of real estate executed by a restricted Indian who had acquired the property so conveyed by devise under the will of a deceased full-blood citizen of the Cherokee Nation.
The proceedings arise under the provisions of section 9 of the Act of Congress of May 27, 1908 (35 Stat. 315) as amended by section 1 of the Act of April 12, 1926 (44 Stat. 239); and under sections 1 and 8 of the Act of January 27, 1933 (47 Stat. 777).
From an order of the county court approving the conveyance, the United States Probate Attorney, acting under authority of section 8, Act of January 27, 1933, supra, appealed to the district court, where the order was reversed. From the latter judgment the grantee in said conveyance has appealed to this court. The material portion of said section 8 reads as follows:
"* * * And no conveyance of any interest in land of any full-blood Indian heir shall be valid unless approved in open court after notice in accordance with the rules of procedure in probate matters adopted by the Supreme Court of Oklahoma in June of 1914, and said attorneys shall have the right to appeal from the decision of any county court approving the sale of any interest in land, to the district court of the district to which the county is a part."
After careful consideration of this appeal *Page 445 
we conclude that this court, is without jurisdiction of the subject matter thereof and that the same must be dismissed. Neither party to this appeal raises this question, yet it is always proper for this court to inquire into and determine its jurisdiction.
Proceedings in county court for the approval of full-blood conveyances as provided in the aforesaid acts of Congress are purely ministerial. Groom v. Dyer, 72 Okla. 99, 179 P. 12; Haddock v. Shelton, 142 Okla. 202, 286 P. 329; Barnett v. Kunkel, 259 F. 394, 170 C. C. A. 370. Although the order of the county court in such case entered subsequent to the 1926 Act has the force and effect of a judgment of a court of general jurisdiction, the act of the court remains one of a ministerial nature arising under the powers conferred upon said court by the aforesaid acts of 1908 and 1926. Silmon v. Rahhal,178 Okla. 244, 62 P.2d 501.
While Congress has conferred such ministerial powers upon the county courts (and its right so to do has been recognized), and by the Act of 1933 has provided for an appeal to the district court, it has not attempted to provide for an appeal to this court.
We have said a number of times that in absence of prohibitive state legislation Congress was empowered to confer these duties upon the county courts. (See Silmon v. Rahhal, supra.) Such courts are courts of record (section 11, art. 7, Const.) and exercise general judicial powers.. Yet if we should concede that Congress in the absence of prohibitive legislation may confer ministerial, or agency, powers upon the judicial bodies of this state, it has not attempted to confer the powers here under consideration upon this court.
Although the state may prohibit its courts from accepting such agency powers, the matter here considered is not one of state concern, but is purely federal and lies within the exclusive control of Congress. The appellate jurisdiction of this court is derived from the Constitution and laws of this state alone, and they contain no provision for appeal thereto from orders of federal agencies whether those orders be ministerial or judicial in their nature, and the federal government has not offered to extend that power to this court for its acceptance or rejection.
The appeal is dismissed.
OSBORN, C. J., BAYLESS, V. C. J., and RILEY, BUSBY, WELCH, PHELPS, CORN, and HURST, JJ., concur.