## CAMPBELL vs. CAMPBELL.

*February 27 — March 13, 1883.*

SALE OF LAND: EQUITY. *(1) Conveyance by attorney without consideration. (2) Adequate remedy at law.*

1. If one authorized by power of attorney to sell and convey lands of another, convey the same without consideration, the owner of the lands may treat such conveyance as a nullity. *Meade v. Brothers,* 28 Wis., 689.

2. Such owner has, therefore, an adequate remedy at law, by action to recover the possession of the lands, and cannot maintain an *equitable* action to have the grantee in such conveyance declared a trustee and to enforce a reconveyance.

APPEAL from the Circuit Court for *Outagamie* County.
The case is sufficiently stated in the opinion. The defendant appealed from a judgment in favor of the plaintiff.

For the appellant there was a brief by *W. J. Allen*, as attorney, and *W. S. Warner*, of counsel, and oral argument by *Mr. Allen.*

For the respondent the cause was submitted on the brief of *Geo. W. Foster.*

COLE, C. J. When the plaintiff was about to produce evidence on the trial to establish his case, objection was taken to the introduction of testimony under the complaint, for the reason that it did not state a cause of action. It appears that subsequently the plaintiff declined to offer any evidence except in rebuttal of that given by the defendant, because the material allegations of the complaint were admitted. Thereupon the counsel for the defendant moved the court for a nonsuit, which motion was denied. From this reference to the proceedings it will be seen that the sufficiency of the complaint was challenged at the outset. We think it should have been dismissed, because it was incurably defective.

The *gravamen* of the complaint, in brief, is this: The plaintiff states that on the 20th of August, 1876, he was the owner — having the legal title — of certain described lands; that on that day he and his wife executed to Thomas R. Campbell a power of attorney to sell and convey such lands for such reasonable price as the said Thomas R. should think was for the interest of plaintiff, the attorney receiving and paying over the consideration for which the lands were sold; that on the 25th of February, 1879, Thomas R., by virtue of the power of attorney, conveyed the lands by a warranty deed — which was without consideration, and in fraud of his rights — to one John Bottensek; that on the next day Bottensek, by a quitclaim deed, which was without consideration, conveyed them to the defendant; that both deeds were

put upon record, and that defendant had full knowledge of his rights in the lands when they were made. It is then alleged that the defendant claims to hold the lands for her own use and benefit. The plaintiff demands judgment declaring that the defendant holds the lands in trust for him, and that she be ordered to convey them to him by a good and sufficient deed. A copy of the power of attorney is annexed to and made a part of the complaint. The only remark which we deem it necessary to make in regard to that instrument is this: It clearly did not authorize the attorney to convey away the lands for nothing, if they were the property of the plaintiff, as he alleges. Any such disposition of them would be plainly unauthorized and void; consequently the plaintiff might treat the deed executed by his attorney as a mere nullity, which conveyed no title to Bottensek.

This point was so ruled in *Meade v. Brothers*, 28 Wis., 689, where the invalidity of the deed made by an attorney in violation of the power conferred upon him was decided. It follows from this view that the plaintiff has an adequate remedy at law to recover the real estate. The deeds mentioned in the complaint, and given in evidence on the trial, present no obstacle to his maintaining such an action. Surely the plaintiff has no occasion to invoke the jurisdiction of a court of equity for the purpose of declaring that the defendant holds the lands in trust for him, or to compel a conveyance of the title. If that relief were granted, he would still be compelled to bring his action at law to recover the possession, and the consequence would be two suits, where one would accomplish every purpose; for the rights of the parties can be fully determined and settled in the legal action, which is the proper remedy. *Meade v. Brothers* was an action of ejectment brought by the plaintiff to recover the possession of premises which had been conveyed by his attorney to the defendant for a nominal consideration. This court held that the power of attorney did not authorize the

attorney to make such conveyance, and that, as between the plaintiff and defendant grantee, the deed was a nullity, passing no title. The case is strictly in point, and shows that this equitable action is misconceived and quite unnecessary; for the plaintiff may treat the deed made by his attorney to Bottensek as a mere nullity, if he was, in fact, the owner of the land as he claims. Certainly, in that case, his attorney would have no right or authority to give away the lands, or transfer them in payment of an individual indebtedness.

In deciding this case we purposely lay out of view the defense, because that would be as available in a legal action as in this. Nor do we wish to be understood as passing in any way on the merits of that defense. We now merely decide that the facts stated in the complaint make out no case for the interposition of a court of equity. The remedy at law is adequate and sufficient, and the plaintiff should resort to it to settle his rights. There is no earthly reason for instituting this suit, which, if entertained, and the relief demanded should be granted, involves the necessity of bringing an action at law to recover possession and settle the title. For these reasons, we think, the court below erred in not dismissing the complaint upon the objection being taken, as it was, *in limine*, that it failed to state a cause of action.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to dismiss the complaint.