## DOWELL *v.* BOYD.

### Opinion delivered October 6, 1919.

1. PLEADING AND PRACTICE—OBSCURE PLEADING, HOW TREATED.—An obscure pleading will be treated in the light in which the parties themselves treat it.

2. INFANTS — PARTIES PLAINTIFF — SUBSTITUTION OF NAMES OF GUARDIANS.—In an action in which certain infants were named parties plaintiff, it is proper for the court to permit the names of their guardians to be substituted.

3. INFANTS—PLEADING AND PRACTICE—REAL PARTIES IN INTEREST—CHANGE OF NAMES.—In an action involving the interests of certain infants, the infants themselves, and not their representatives, are the real parties to the litigation, and any change in the names of the representatives of an infant defendant is not a sub-

stitution of a new party, but only the substitution of a new representative for one who is already the real party.

Appeal from Perry Circuit Court; *G. W. Hendricks,* Judge; affirmed.

*G. B. Colvin,* for appellant.

When the case was dismissed as to all the original parties plaintiff, it was at an end, and the court had no right or power to permit entirely new parties plaintiff to be brought in where the case had been dismissed as to all the original parties. 94 Ark. 277; 126 S. W. 835.

*J. H. Bowen,* for appellee.

No defect of parties is shown in the motion to dismiss. The suit was properly brought in the names of the Lipscomb heirs, who were the owners and landlords, and there was no error in permitting the three original plaintiffs to be made parties in their fiduciary capacities as guardians of the minors. The pleadings were properly amended "in furtherance of justice." 55 S. W. 483.

McCULLOCH, C. J. This action was instituted by appellees against appellant before a justice of the peace in Perry County to recover for rent on lands and to enforce the lien on a bale of cotton grown on the land. An order of attachment was issued at the commencement of the action, which was levied on the bale of cotton. The affidavit for attachment was the only written plea filed by appellees at the institution of the action. The affidavit was made by appellee, M. L. Boyd, who described himself therein as "agent for the Lipscomb heirs," and his name so appears in the caption naming the parties to the action, but the names of the six Lipscomb heirs, to-wit: Hattie McCabe, Maud Boyd, Etta Alexander, Rebecca Lipscomb, Evander Lipscomb and Ivey Lipscomb, also appear in the caption as parties plaintiff. Appellant filed a motion before the justice of the peace to dismiss the cause on the ground that there were no proper parties plaintiff, but the motion did not set forth in what

respect the parties were improper. That motion was overruled, and the trial of the cause resulted in a verdict and judgment against appellant, who prosecuted an appeal to the circuit court where the motion to dismiss was renewed and overruled. During the progress of the trial M. L. Boyd testified, in response to questions propounded by counsel for appellant, that three of the Lipscomb heirs, viz., Rebecca Lipscomb, Evander Lipscomb and Ivey Lipscomb, were infants with duly appointed guardians, and thereupon appellant moved to dismiss the cause as to the infant parties because they were not represented in the action by their guardians. The court sustained the motion, but permitted the guardians of the infants to appear in the action to represent their several wards. This was done over the objection of appellant, and the ruling of the court in permitting the guardians to be substituted constitutes the only assignment of error.

Counsel for appellant invoke the rule announced by this court that a trial court may, in its discretion, allow additional parties plaintiff or defendant to be added, but can not permit an entire change of parties so as to substitute the name of a plaintiff who has a cause of action in the place of another who has no cause of action. *Schiele* v. *Dillard,* 94 Ark. 277. That rule, however, is not applicable to the present case. The original plea in the case is to some extent obscure as to who was intended as the real plaintiffs—whether M. L. Boyd sued alone as agent of the other parties named, or whether the other parties were joined with him as plaintiffs. The parties themselves, including defendant, seem to have treated the original plea as having joined all the Lipscomb heirs as parties plaintiff, and in view of the obscurity it is our duty to treat the pleading in the light that the parties themselves treated it. This is shown by the fact, as before recited, that appellant moved the court during the progress of the trial to dismiss the action as to the three infant plaintiffs. When it was made to appear to the court that the infant plaintiffs were not represented in the manner prescribed by the statute, it was proper for the

court to allow the names of the guardians to be substituted. *St. L., I. M. & S. Ry. Co.* v. *Haist,* 71 Ark. 258. The effect of joining M. L. Boyd as party plaintiff as ''agent of the Lipscomb heirs'' and his active participation in the institution and prosecution of the suit was an appearance by him as the representative of the infant plaintiffs. The infants themselves, and not their representatives, are the real parties to the litigation, and any change in the names of the representatives of an infant defendant is not a substitution of a new party, but only the substitution of a new representative for one who is already the real party. *Morgan* v. *Potter,* 157 U. S. 198.

Before the conclusion of the trial there was evidence tending to show that the land on which the crop was grown was the homestead of the Lipscomb ancestor, and that the homestead rights inured to the three infants during minority. On motion of appellant, the court decided that the adult heirs were not entitled to join in the recovery of the rent and dismissed the action as to them. It is not important to inquire whether or not that ruling was correct for it was a ruling in favor of appellant himself. The dismissal, however, of the action as to the three adults did not affect the right of recovery of the amount of rent by the other parties.

We find no prejudicial error in the record, and the judgment is, therefore, affirmed.