### GUY HARRIS BUICK CO. v. BOYD.

No. 14358—Opinion Filed Nov. 27, 1923.

Rehearing Denied Jan. 22, 1924.

1. **Appeal and Error—Waiver of Error—Amendment Considered Made—Issues in Replevin.**

In an action of replevin, where the petition alleges the right of possession by one

agreement and transaction in releasing payment of notes and mortgages and introduces testimony tending to show right of possession based on a different agreement and transaction without objection on part of defendant that the testimony is not responsive to the issues, the error is waived, and on appeal this court will consider the issues as presented by the testimony and the petition as amended in conformity therewith.

2. **Appeal and Error—Sufficiency of Evidence—Review.**

Where there is any evidence reasonably tending to support the verdict of the jury or the judgment of the court in an action of purely legal cognizance, the same will not be set aside on appeal on the ground that it is contrary to the evidence. Incorporated town of Sallisaw v. Chappelle, 76 Okla. 307, 171 Pac. 22.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Carter County; Thos. W. Champion, Judge.

Action by M. B. Boyd against the Guy Harris Buick Company. Judgment for plaintiff, and defendant appeals. Affirmed.

A. D. Riddle and F. M. Dudley, for plaintiff in error.

Sigler & Jackson and Sam H. Butler, for defendant in error.

Opinion by THREADGILL, C. Plaintiff in error was defendant below and defendant in error was plaintiff, and they will be referred to in this opinion as in the trial court.

The plaintiff brought suit against the defendant to recover possession of a 2.11 carats diamond valued at $1,200. He alleged in his petition that he was the owner of and entitled to the immediate possession of the said diamond; that defendant obtained possession by virtue of a certain automobile sale and mortgage contract; that about October 31, 1921, one Wright Lee bought a Packard automobile from the defendant for $1,500 and executed therefor 15 notes payable monthly in the future and a mortgage on the car and the said diamond as security, and he signed the notes and mortgage as surety and gave the defendant possession of the said diamond as security. That after said Wright Lee had paid three of the notes he turned the said automobile back to the defendant in consideration of a release of said Wright Lee from the payment of said notes. That thereafter, about June 19, 1922, the defendant sold the said car to one Harry Burnett for $200 cash and for 14 notes of $75 each and one note for $118.65, payable monthly, and

to secure the notes the said Burnett executed a mortgage on the car and the said diamond, the plaintiff signing the notes and mortgage as surety and the diamond continuing in the possession of the defendant. That about two days after this transaction said Harry Burnett, desiring to rescind the trade with the defendant, brought said automobile to the defendant's place of business and paid said defendant $180 cash to rescind the trade and release said Harry Burnett and this plaintiff from further liability by reason of said rescision and for these reasons plaintiff is entitled to the possession of the diamond. That the defendant refuses to deliver possession of same.

The defendant filed answer denying generally the allegations of the petition and pleading the notes and mortgage executed by Wright Lee and the plaintiff and especially denying that he ever released Wright Lee or the plaintiff from payment of the notes or the mortgage and declaring them to be in full force and effect.

Upon these issues the case was tried to a jury November 23 and 24, 1922, which resulted in a verdict and judgment for the plaintiff, and the defendant appeals. In the trial, plaintiff's testimony was not responsive to the allegations of the petition. Plaintiff alleged that after Wright Lee paid three of the notes, that he returned the car to the defendant in consideration of Lee's and plaintiff's release from payment of the balance of the notes and release of the mortgage, but there is no testimony tending to prove this allegation. The release which plaintiff undertook to prove is in consideration of the sale of the car to Burnett and the $200 cash payment and the notes and mortgage executed by Burnett and plaintiff to the defendant. Again, plaintiff alleged that when Burnett returned the car to the defendant the release from payment of these notes and mortgage was obtained by Burnett returning the car and paying the sum of $180, but the testimony introduced is to the effect that Burnett surrendered the car because it was not what it was represented to be, and without the consent of the plaintiff, was allowed to rescind the contract by the defendant returning him $120 of the $200 cash paid and the defendant's retaining $80. The testimony introduced by the plaintiff further tends to show that the diamond in controversy was to be released from the mortgage made by Wright Lee and the plaintiff by reason of the sale to Burnett, all of which was unresponsive to the allegations in the petition and clearly erroneous, under rule laid down in 13 C. J., page 750, and Chambers v. Van Wagoner, 32 Okla. 774, 123 Pac. 123. 1117. But since

the defendant did not object to this testimony on this ground and does not assign any error on this ground, in this court we must consider the error waived. The principal contention of the defendant is that the evidence is not sufficient to sustain the judgment of the court.

The plaintiff's evidence shows substantially the following facts and circumstances:

"That plaintiff was the owner of the diamond and put it in the possession of the defendant as security in the transaction of selling a Packard car to one Wright Lee; that Wright Lee was to pay $1,500 for the car in monthly payments and for this purpose he executed fifteen hundred dollar notes and gave a mortgage on the car to secure the same, and this plaintiff signed the notes and mortgage as surety. This trade was made with F. J. Ward for the defendant. The said Ward was connected with the defendant, Guy Harris Buick Company, as a general salesman and manager of the business. The said Wright Lee took possession of the car and paid the first three notes being $300, and then turned the car back to the defendant and failed or refused to pay any more on it. The defendant was about to foreclose the mortgage and sell the car and diamond when the said F. V. Ward and plaintiff had an agreement to sell the car to Burnett by his paying $200 cash and $75 a month with the last payment of $118.65, evidenced by notes and mortgage on car and the diamond, which the plaintiff signed as surety. This agreement was made with Ward for the company. Ward came to the plaintiff's store and proposed that he would release the Lee notes and mortgage if plaintiff would sell the car and help him get out on it and the plaintiff acting upon this agreement secured the purchaser Burnett. When Burnett came to make the deal the plaintiff states: 'A. He took him around and introduced him to Mr. Ward and Mr. Harris and they made a trade. Q. What was the deal? A. He was to buy the car for $1,200 and back interest if he would go security and keep the ring up for the payments on the car. Q. Did you make that kind of deal? A. Yes, Sir. Q. What was said about the notes that Wright Lee had executed at that time?- A. He asked Mr. Ward for them and he said they were in the bank and the bank was closed but that he would get them out and bring them down to me the next morning. Q. Did you ever get these notes? A. No, Sir. Q. Was anything said about the mortgage? A. He went around a day or so after that and asked if he had released the first mortgage. Q. What was said about it? A. He asked Mr. Ward if he has canceled out— Q. Go

ahead. A. Mr. Ward asked the bookkeeper if he had canceled the mortgage and he said no. Mr. Ward said why didn't you? He said it automatically cancels itself when a new mortgage is signed on the car.'"

Harry Burnett stated that he bought the car and it was not satisfactory and he returned it and wanted Mr. Ward to take it back and pay him the $200 that he had paid on the car and Ward said he would see Harris about the matter. When Harris came to the garage Ward had a conversation with him, and that Burnett had a conversation with him, and Harris said he couldn't do anything. He said he informed Harris that the car was not in shape for what he wanted it and the condition the car was in he couldn't afford to have it at the price they had agreed upon, and they had an agreement in which they took the car back and paid him $120 of the $200 he had paid. He did not remember whether or not the plaintiff was present during their conversation and transaction. He stated that the plaintiff was not present when he first brought the car back, that he went after the plaintiff at the suggestion of Harris. That the plaintiff was not present at the time he made the settlement, he left before that time. He said they gave him his notes back. The plaintiff testified that he went back after the transaction with Burnett and asked for the Wright Lee notes as above stated, and Burnett stated that he was present and heard the plaintiff ask for the notes and Ward said they were in the bank in a safety deposit box, that he couldn't get them out that day, but would get them the next day. He said that the plaintiff asked for the notes and the mortgage he signed with Wright Lee, and they told him they were in the bank and they couldn't get them that day but that they would return them the next morning.

Ward in his testimony for the defendant, admitted that the defendant did not claim any rights under the second notes and mortgage, and he also admitted that he had authority to do all the things which he did in the transactions they had with reference to the Packard car and the diamond in controversy. He said his authority was limited and that he would go to Mr. Harris but he did not say in what respect his authority was limited and he stated in that connection that what was done was with Harris' knowledge. The witness, Ward, denied that he had any agreement with the plaintiff to sell the car after Wright Lee brought it back and he would be released from the Wright Lee notes and mortgage. Harris denied the plaintiff's testimony as to what took place in the settlement on return of the car by Burnett, and he stated that the plaintiff was present in their transaction and agreed that it would be alright to settle with Burnett and he stated about the transaction of selling the car to Wright Lee and about the security that was taken and showed that he was familiar with all the facts and circumstances and he did not deny the authority of Ward to do and perform all the things plaintiff and Burnett testified he did, nor did he explain the relation of Ward to the Guy Harris Buick Company.

The agency of Ward is sufficiently apparent from the record, but whether his agency grew out of his personal interest in the company as a partner or authority given him by the company is not apparent. The pleadings are defective in not showing the nature of the Guy Harris Buick Company, but in whatever capacity Ward acted in the transaction involved in the controversy we think the testimony is sufficient to show that he acted with authority.

If his transaction only involved the question of agency the facts and circumstances are sufficient for this purpose. Reid v. Robinson, 83 Okla. 68, 200 Pac. 773; Thorpe Oil & Specialty Company v. Holme Oil Company, 79 Okla. 225, 192 Pac. 573.

The contention of the plaintiff is sustained by the following authorities: 30 Cyc. page 199; Reeves v. Letts (Mo.) 128 S. W. 246; Chamberling Banking House v. Woolsey (Neb.) 83 N. W. 729.

After reading the testimony of all the witnesses and considering the facts and circumstances brought out in the evidence we are of the opinion that the testimony of the plaintiff was sufficient to go to the jury and there being a conflict in the evidence, the defendant's testimony denying the material facts of the plaintiff's testimony, and these issues being submitted to the jury for them to say who was right in his contention and the jury having found in favor of the plaintiff, this court will not disturb the verdict of the jury and the judgment of the court based thereon.

Incorporated Town of Sallisaw v. Chappelle, 67 Okla. 307, 171 Pac. 22.

The judgment of the court should be affirmed.

By the Court: It is so ordered.