**HOOVEN et al. v. FIRST NAT. BANK IN ARDMORE.**

No. 16871—Opinion Filed Sept. 14. 1926.

**Bills and Notes—Payment as Defense—Erroneous Exclusion of Evidence.**

Where an action is based upon a renewal note and defendant pleads facts tending to show the indebtedness paid for which the renewal note was given. it is error for the court not to permit proof of the facts as substantially pleaded.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.
119—7

Error from District Court, Carter County; Asa E. Walden, Judge.

Action by First National Bank in Ardmore against E. A. Hooven and M. M. Hooven. Judgment for plaintiff, and defendants appeal. Reversed.

Johnson & McGill and Sigler & Jackson, for plaintiffs in error.

H. C. Potterf, Earl Q. Gray, and J. M. Poindexter, for defendant in error.

Opinion by THREADGILL, C. The plaintiffs in error were defendants, and defendant in error, plaintiff, in the trial court, and we will refer to the parties here as they appeared there.

Plaintiff brought its action August 8, 1924, against the defendants, asking for judgment on two promissory notes, one for the sum of $1,500, and foreclosure of real estate mortgage securing the same, and one for the sum of $10.900.65, and foreclosure of chattel mortgage securing the same. The notes were renewal notes dated June 14th, and May 10, 1923, respectively, and made payable October 15, 1923, drawing 8 per cent. interest per annum from maturity. The petition was in the usual form, with copies of the notes and mortgages attached and duly verified. Defendants filed answer in which they first deny any indebtedness to the plaintiff "in the sum sued upon," or in "any other sum whatsoever." Pleading further, they admit that they signed the notes and mortgages; that E. A. Hooven was principal on said notes, and M. M. Hooven was surety, and at the time the notes and mortgages were signed, said E. A. Hooven was not indebted to plaintiff in the sums represented by the notes. Then they plead a state of facts to show their transactions with the bank through its vice president, G. W. Stuart, in which said vice president agreed to sell E. A. Hooven 470 acres of land and loan him money for the purpose of making crops, buying cattle, and other purposes; that he moved on the land in the early part of 1917, in which time he was indebted to the bank approximately $300; that during the year 1917, he borrowed from said bank $3,000, and during the year 1918 he borrowed from said bank approximately $5,850, and during the year 1919, borrowed approximately $200, and during the year 1920 and 1921 he borrowed $500 each year. making the total sum of $10.350. They further state that in the year 1917 said E. A. Hooven paid said bank $2.000: in 1918, $1 000; in 1919. $10,734; and in the years 1920 and 1921, about $250 each year, making the sum total of $14,234. They say further that they cannot state

the exact date, or the exact amounts paid, but that the items as given are approximately the amounts. They further state that at the time they executed the notes sued upon, which were renewal notes, they were assured by the bank that a full settlement would soon be made, and they would be given credit for all the money paid into the bank. They say the notes were without any consideration whatever, and they are not liable thereon. There was a motion to strike all of the defenses except the general denial, which was overruled. Plaintiff filed reply, consisting of gene·al denial of defendants' affirmative al'egations of defense. Plaintiff :urther and specially denies that the allegations of the transaction between defendant Hooven and G. W. Stuart had anything to do with the subject-matter of the action, and specially denies that said defendant had dis·harged h's obligations to the plaintiff. Plaintiff further pleads that since defendant E. A. Hooven has repeatedly renewed his notes in the bank, he had admitted and acquiesced in the validity of these notes, and of the notes sued upon,· and was estopped to deny the validity of the same. The cause was tried to a jury May 2, 1925, and p'aintiff offered in evidence the two notes and mortgages described in the petition, without objection on the part of defendants, and rested. Thereupon de endants introduced evidence to show that the First National Bank of Ardmore, to whom the notes and mortgages were given, was taken over November 13, 1923, by the bank examiner and the witness H. D. McCullum was appointed liquidating agent, and was thereafter turned back to the stockholders, and the plaintiff bank was then organized, December 19, 1923, and the notes sued upon went into the hands of the plaintiff, which became the legal holder of same. Defendants then introduced as a witness, E. A. Hooven, and offered to prove the transaction with G. W. Stuart at the time he was vice president of the bank. The witness was allowed to say he borrowed some money to make a crop on, but was not allowed to tell about buying land from said G. W. Stuart, and the court sustained it on the theory that any testimony connected with the land transaction tended to vary the terms of the instruments sued upon. Then the following colloquy took place:

"By Mr. Sigler (of counsel for defendants): Do I understand the court rules we can't go back there?

"By the Court: Yes, I will rule that way when I get to it, that is this court's ruling.

"By Mr. Sigler (of counsel for defendants): We offer to prove, and tender now as evidence, a statement showing the amount of money borrowed from the First National Bank of Ardmore, and the amount paid back, and offer to prove and show that at the time we signed this note we did not owe the bank any money, and the signing of this note was without consideration. The statement referred to being marked defendant's exhibit No. 1 for identification.

"By Mr. Gray (of counsel for plaintiff): The offer and tender of proof, and also defendant's exhibit No. 1, are specially objected to as incompetent, irrelevant, and immaterial, and not being within the issues, or in conformity with the defendants' answer, and as being an attempt without proper allegations to vary the terms of a written instrument. I understand this exhibit No. 1 is a statement prepared by Mr. Hooven for the purpose of offering it in evidence in this case.

"By Mr. Sigler (of counsel for defendants): I expect him, by his testimony, to show it is a correct statement, and I expect to offer it in evidence to show what was paid back and what the true state of facts were.

"By the Court: I will sustain the objection to the offer and tender of proof.

"By Mr. Sigler (of counsel for defendants): We except. Defendants further offer to prove that in 1916 he bought a farm from Mr. G. W. Stuart; Mr. G. W. Stuart was vice president of the First National Bank of Ardmore; that he moved on this farm and borrowed money shown in the statement and paid back the money shown in the statement; that at the time he signed this note and other notes he disputed with Mr. Stuart as to the amount of the notes and Mr. Stuart assured him at all times he would go into the matter and check it up, and make him a true statement and correct any mistakes, if any, and relying upon this statement of Mr. Stuart he signed this note, or these notes, to Mr. Stuart; that he did not owe the First National Bank this money, or any other amount, and these notes were without consideration.

"By Mr. Gray (of counsel for plaintiff): We object to that for the same reason.

"By the Court: Sustained; the offer and tender of proof is rejected.

"By Mr. Sigler (of counsel for defendants): We except to the ruling of the court. That is all, then if the court please."

Thereupon the court sustained plaintiff's motion for an instructed verdict in its favor, and in so doing used the following language:

"I may be wrong about it, gentlemen, I believe it is time to say a written contract means something in this country, and if these men don't want to pay these notes they ought not to have signed them, and if they don't want to pay them, they had better keep their names off of them. I may be

reversed, but I will take a fall at it for one time. If we cannot live up to contracts, we had better close up shop in this country. Trying to get away from written, solemn, binding contracts, I can't see the point. Gentlemen of the jury, under the instructions of the court, you will return a verdict in this case in favor of the plaintiff for the amount sued for."

Defendants excepted. Thereupon judgment was rendered for plaintiff, and defendants have appealed to this court, contending that the judgment is erroneous, and asking for a reversal.

We have stated the facts and quoted from the record extensively, to show the theories and contentions of the parties and the view taken by the court. It was plaintiff's theory that defendants could not plead lack of consideration as a defense to the notes. This is shown by its motion to strike this plea from defendants' answer. It was defendants' theory that, in their dealings with the bank, they had paid back all the money that E. A. Hooven had borrowed from it, and that they had a right to prove the fact as showing payment. The court took the view of defendants in overruling plaintiff's motion to strike, but in the trial of the case adopted the view of plaintiff, and would not allow defendants to introduce evidence on the issues as made up by their answer and the reply. We cannot agree with the trial court's change of view. We think defendants' theory correct, and supported by the great weight of authority. Lindsay State Bank v. Forbis, 108 Okla. 126, 235 Pac. 470; Oilton State Bank v. Ross, 108 Okla. 24, 243 Pac. 567.

Defendants undertook to prove by E. A. Hooven that he bought a tract of land or farm from G. W. Stuart, the vice president of the bank, in 1916; that he moved on this farm in 1917, and borrowed money from the bank to make his crops and to buy cattle, etc.; and that he paid all the money back borrowed. Plaintiff objected to the proof when the question was asked, "Did you buy some land from Mr. Stuart?" and the court sustained the objection, giving as his reason that it tended to vary the terms of the written contracts. The court, in effect, said they could not go back into the transactions leading up to the execution of the notes. Then defendants made the written offer of proof, in which they presented an itemized statement of the amounts borrowed from the bank and the amounts paid, and plaintiff contends that the whole offer of proof was based upon this itemized statement, and inasmuch as there was a variance of the items as pleaded and as offered to be prov-

en by the witness on the stand, that the whole offer of proof was properly rejected by the court, citing the cases of El Reno Wholesale Grocery Co. v. Keen 93 Okla. 198, 220 Pac. 653; Lapham et al. v. Kansas & Texas Oil, Gas & Pipe Line Co. (Kan.) 123 Pac. 863; Guy Harris Buick Co. v. Boyd, 97 Okla. 58, 222 Pac. 269. The first of these cases is not applicable because it goes off on failure of defendant to prove the contract set up as a defense and failure to amend in order to prove ratification. The second case is not in point because the question involved was whether or not defendants could prove payment on the items of the account sued on without pleading such payments. Defendants had pleaded a set-off, but had not pleaded payment on the items pleaded by plaintiff, and the court properly held that payment on the items of plaintiff's account could not be proved without pleading the same in the answer, or by amendment to the answer. The third case recognizes the general rule that the proof must be responsive to the pleadings, but inasmuch as the question was not raised by objection in the trial of the case, nor by petition in error, it was held to be waived. There is no similarity in the facts in the two cases. Defendants pleaded nonconsideration for the notes sued upon, and offered proof tending to show that all the money borrowed from the bank, as evidenced by the renewal notes, had been paid during the years 1917 to 1921, inclusive, and they should have been permitted to make this proof. They were not able to state the definite amounts borrowed or paid each year, but stated approximately the amounts, and they should have been allowed to make proof as clearly and as definitely as possible as to these amounts. This would not have been infringing on the rule forbidding the contradiction of a written instrument by parol evidence, but it would have brought out the cause of defendants' executing the notes, and thereby would have tested the question of whether they were legally bound in whole or in part by the contracts sued upon. Oilton State Bank v. Ross, 108 Okla. 24 234 Pac. 567.

We do not mean to hold that the itemized statement, that defendants offered in evidence, to show what they would prove by the witness, as to what they borrowed and the amount they paid, would itself be admissible in evidence, but the witness should have been permitted to testify as to these items either as matters of record at the time of the transactions or as facts of independent recollection. The itemized statement was

not evidence itself, but was offered to show what they could prove by the witness if he were permitted to testify. We think it was error for the court to exclude the evidence offered if the witness would so testify. The witness should have been permitted to give the testimony independently of the itemized statement.

The judgment of the trial court is, therefore, reversed and the cause remanded for a new trial.

By the Court: It is so ordered.

Note.—See 8 C. J. p. 444, § 658.