## HARLOW PUBLISHING CO. v. WALDEN.

No. 22107.    May 1, 1934.

Frank Eagin, for plaintiff in error.

Guy H. Sigler. P. M. Jackson, Crawford W. Cameron, and J. Woody Dixon, for defendant in error.

164

WELCH, J. This is an appeal from the district court of Love county. Harlow Publishing Company is plaintiff in error, and Asa E. Walden is defendant in error. The parties occupy the same relative position in this court as they occupied in the trial court, and will hereinafter be referred to as plaintiff and defendant.

Plaintiff commenced its action by filing its petition declaring on a promissory note, praying for judgment for the principal sum of $88.89; the sum of $48.49 interest, and $28 attorney's fee. The petition is in all essential respects in regular form. The defendant's answer is in the form of a general denial and contains the following affirmative defensive matter:

"Defendant further answering alleges and states that on or about _____ of April, 1922, the agent or representative of the plaintiff company approached him on the street of Marietta, the name of said representative being unknown to this defendant and represented to this defendant that the firm of Cameron and Walden, which had prior to the time been dissolved, owed the plaintiff company an account; that this defendant was in the act of departing from the city of Marietta to Ardmore and told said representative that he did not know anything about the account or the amount thereof, and that he would see him later, but that said representative insisted that this defendant sign a note for said alleged account and that after much persuasion on the part of said representative this defendant signed a note with the specific understanding that Crawford W. Cameron was to sign note with him, and that said plaintiff company was to satisfy him that the amount of the account was correct, that said note was not to be of any force or effect unless Crawford W. Cameron, his former partner, signed said note, and said representative agreed that in the event said Crawford W. Cameron did not sign the note, then said note was to be returned to this defendant. That this defendant learned upon investigation that the firm of Cameron and Walden only owed plaintiff company at that time approximately $20; that Crawford W. Cameron did not sign said note and that this defendant did not hear anything further in reference to the same for approximately four years, being a short time prior to the filing of this action, and that was the first time that defendant learned that plaintiff had said note; that the understanding and agreement by this defendant and the plaintiff in that the note was not to be effective unless same was signed by Crawford W. Cameron not carried out and that said note was _____ and kept by said plaintiff under such false and fraudulent representation and without any considera'ion. That this defendant was not indebted to said plaintiff as a matter of fact in the excess of

$20; and that said defendant hereby tendered into court the sum of $20; that by reason of such facts herein set up, this defendant is entitled to judgment and to have said note canceled, set aside, and held for naught."

Plaintiff's motion for judgment on the pleadings was overruled by the court and exceptions saved; plaintiff objected to the introduction of any evidence and moved for judgment on the opening statement of defendant and requested an instructed verdict, all of which motions and objections were overruled by the court and exceptions saved. Exceptions were likewise taken to the adverse ruling of the court upon plaintiff's objection to the introduction of certain testimony upon the grounds that it varied the statements of a written contract.

The cause was tried to a jury, resulting in a verdict in favor of plaintiff in the sum of $20, with interest thereon from date. The judgment of the court is that plaintiff recover the sum of $20 and $14.50 interest, and $17 attorney's fee, and costs up to the time of tender, and providing that such judgment bear interest at 10 per cent. from date until paid. After the court overruled plaintiff's motion for new trial, an appeal was perfected to this court.

Plaintiff urges the following propositions as error of the trial court:

1. "The lower court erred in overruling the motion for plaintiff for judgment on the pleadings and in not sustaining plaintiff's objections to the introduction of parol testimony to vary the terms of a written contract."

2. "The court erred in permitting the introduction of parol testimony to vary the terms of a written instrument."

3 "Said court erred by refusing to instruct a verdict for the plaintiff in error."

The entire argument in support of plaintiff's proposition may be said to cover only two questions: (1) Did the answer of the defendant plead a defense to the promissory note sued upon by the plaintiff? (2) And did the evidence introduced by the defendant at the trial in the lower court constitute a defense to this note? We think the quoted portion of defendant's answer fairly alleges as an affirmative defense that the note sued upon was delivered to plaintiff's agent conditionally, and that it was not to be effective until Mr. Cameron, a former law partner of the defendant, had inquired into the correctness of the amount thereof and had signed the same. The defense thus sought to be interposed is nondelivery of the note. The delivery of the note to the

payee or a third person to be delivered to the payee and to become effective only upon the happening of a future contingency, is not such a delivery as to constitute a complete transaction.

In Tovera v. Parker, 35 Okla. 74, 128 P. 101, this court held:

"A promissory note may be delivered by the maker to the payee upon condition, or as an escrow."

Therein the court quoted with approval from Farmers' Bank of Roff v. Nichols, 25 Okla. 547, 106 P. 834, as follows:

" 'The authorities hold that where the maker of a note delivers it to the payee with the agreement that it shall not take effect until the happening of a certain contingency or the performance of a certain condition, and where neither the contingency has occurred nor the condition been performed, the note never becomes operative; and an action thereon by the payee or his assignee with notice cannot be maintained.' "

Other quotations to the same effect are therein employed, and the case is replete with citations of authorities supporting the rule. To the same effect is Horton v. Birdsong, 35 Okla. 275, 129 P. 701.

The evidence, to which objection was made upon the grounds that it varied the terms of a written contract, was offered for the purpose of proving the allegations of the answer relative to the conditions of delivery of the note. In Colonial Jewelry Co. v. Brown, 38 Okla. 44, 131 P. 1077, this court held:

"Evidence offered for the purpose of showing that a written instrument was delivered conditionally does not constitute contradicting or varying a written instrument by parol. Such evidence does not tend to show any modification or alteration of the written agreement, but that it never became operative, and that its obligation never commenced. A written contract must be in force to make it subject to the parol evidence rule."

We conclude from an examination of the answer and the foregoing authorities that the answer constitutes a valid defense to the action.

The evidence on the part of the defendant is substantially in keeping with the allegations contained in the answer, and in our opinion is sufficient to sustain the verdict and judgment of the court. The defendant testified that prior to the execution of the note, he and Mr. Cameron were law partners, and upon dissolution of the partnership owed a number of accounts; that Cameron was the detail man in the office, and it may be fairly inferred from his testimony that the defendant relied upon Cameron as to the amount owed to plaintiff; that he signed the note at the request of plaintiff's agent, with the distinct understanding with such agent that the same would be presented to Cameron for verification as to amount and for his signature, and that unless same was presented to Cameron and his signature obtained thereon, the same was not to be effective. The evidence is uncontradicted that the note was not presented to Cameron either for verification as to amount or for signature.

Further authorities supporting our conclusion herein reached are Hooven v. First National Bank in Ardmore, 119 Okla. 193, 249 P. 322; Oakland Cemetery Association v. Lakins, 126 Iowa, 121, 101 N. W. 778, 3 Am. & Eng. Ann. Cases, 559, and footnote thereto, at page 560.

The cause is affirmed.

RILEY, C. J., and SWINDALL, McNEILL, and BAYLESS, JJ., concur.